UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVONTAE VALENTINE,<br><br>Plaintiff,<br><br>v.<br><br>TORRES-QUEZADA, et al.,<br><br>Defendants. | Case No. 22-cv-01520-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING IN PART,** *DAUBERT* **MOTIONS**<br><br>Re: Dkt. Nos. 58-59, 61, 64 |

Now before the Court for consideration are: (1) Plaintiff's motion to exclude the expert testimony of Scott DeFoe ("DeFoe"); (2) Plaintiff's motion to exclude the expert testimony of Dave Miles Atkin, M.D. ("Dr. Atkin"); (3) Defendants' motion to exclude the expert testimony of Williams Adams ("Adams"); and (4) Defendants' motion to exclude the expert testimony of William Weber, M.D. ("Dr. Weber"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court sets forth its rulings below.

## BACKGROUND

On March 10, 2022, Plaintiff Javontae Valentine ("Valentine"), an inmate at Salinas Valley State Prison ("SVSP"), filed a complaint pursuant to 42 U.S.C. section 1983 against five SVSP correctional officers: A. Torres-Quezada, N. Reveles, M. Reyes-Diaz, A. Cervantez, and A. Camacho ("Defendants"). Valentine alleges each Defendant used excessive force against him in violation of his rights under the Eighth Amendment.

Valentine's claim arises out injuries he received during an incident on August 12, 2021, which included a nasal fracture that required surgery. The facts surrounding that incident and whether the force used was excessive is disputed. Valentine and the Defendants each rely on use-of-force experts (Adams and DeFoe), to support their positions.

1   In addition, the parties rely on competing medical experts (Drs. Atkin and Weber). Dr.
2   Weber offers opinions on "the nature, severity, treatment, duration, and cause" of Valentine's
3   injuries. (Dkt. Nos. 59-2, 59-3, Declaration of Jean M. Trenebeth, ¶ 2, Ex. A (Weber Opening
4   Report, ¶ 6).) Dr. Atkin does not state the scope of his assignment but provides opinions on a
5   "normal" recovery period for the type of surgery performed on Valentine, the success of that
6   surgery, whether Valentine's treatment was appropriate, and whether he requires further treatment.
7   (Dkt. Nos. 76, 76-2, Declaration of Benjamin Dyer, ¶ 3, Ex. B (Atkin Opening Report at pp. 13-
8   14).)

The Court will address additional facts in the analysis.

## ANALYSIS

### A.   Applicable Legal Standards.

Each party moves to exclude the other party's experts from testifying, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Under Rule 702, scientific, technical, or otherwise specialized knowledge is admissible if it will assist the trier of fact to understand the evidence or determine a fact in issue, is based on sufficient facts or data, and is the product of reliable methods or principles that have been applied reliable to the facts of the case. Fed. R. Evid. 702(a)-(d). The party proffering an expert bears the burden to show the testimony is admissible. Under *Daubert* and its progeny, a district court's inquiry into admissibility "is a flexible one." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (citation omitted). In evaluating proffered expert testimony, the trial court is "a gatekeeper, not a fact finder." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation and quotation marks omitted).

"[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* at 564 (quoting *Daubert*, 509 U.S. at 597). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and quotation marks omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to

the burden of proof, not exclusion." *Id.* at 564 (citation omitted). The judge should "screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car*, 738 F.3d at 969. Simply put, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether [their] testimony has substance such that it would be helpful to a jury." *Id.* at 969-70. "[W]hether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153 (1999). In cases such as this, where the experts are testifying based on specialized or technical knowledge, "the relevant reliability concerns may focus upon personal knowledge or experience." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006).

**B.    The Court Grants, in Part, and Denies, in Part, the Motions to Exclude the Use-of-Force Experts.**

Valentine will be required to prove the Defendants inflicted "unnecessary and wanton pain and suffering" on him, which "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (cleaned up); *see also* Ninth Circuit Model Jury Instruction 9.26. To make that determination, a jury may consider: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028-29 (9th Cir. 2013); Ninth Circuit Model Jury Instruction 9.26.[1]

**1.    DeFoe.**

Valentine argues that DeFoe's opinions invade the province of the jury. For example, Valentine moves to exclude the opinion that Defendants "made a prudent and appropriate tactical decision to immediately handcuff … Valentine ..., who became increasingly violent and refused to comply with lawful commands." (*See, e.g.,* Dkt. Nos. 65, 65-1, Declaration of Argemira Florez, ¶

---

[1] The Ninth Circuit derives these factors from *Hudson*, and the Court will refer to them as the *Hudson* factors. *See Furnace*, 705 F.3d at 1028.

2, Ex. 1 (DeFoe Opening Report at p. 6).) Although DeFoe does not preface this opinion with language such as "assuming Defendants version of events is true," he states at the outset of the Report that his opinions were based on those assumptions. He also stated he would not testify to the credibility of any witness at trial. (*Id.* at p. 5.)

Valentine also argues that DeFoe does not explain his methodology. It is evident from the context of his report that he has relied on a variety of regulations, training documents, and operations materials. (DeFoe Opening Report at pp. 2-3.) DeFoe may testify about "his knowledge of best practices, CDCR regulations, and use of force techniques. [U]sing assumed facts, [he] may apply his experience to particular hypotheticals," subject to the conditions set forth below. *Horton v. Molina*, No. 17-cv-01915-JSC, 2022 U.S. Dist. LEXIS 192457, at *9 (N.D. Cal. Oct. 21, 2022) (denying motion *in limine* to preclude DeFoe from testifying as use of force expert).

Valentine also argues that DeFoe's opinion is unreliable because he relied on testimony from an officer who was not present during the incident. The Court concludes that any testimony about that officer would not assist the trier of fact and shall be excluded. However, the Court concludes it does not render DeFoe's opinions wholly unreliable.

Valentine's objections go to the weight of DeFoe's testimony, rather than admissibility. Accordingly, the Court denies the motion to exclude him as an expert. DeFoe will be permitted to testify subject to the general guidelines in the final section of this Order.

**2.  Adams.**

Defendants argue the Court should preclude Adams from using such terms as "excessive," "unnecessary, or "unreasonable" force because it would not assist the jury.[2] The Court addresses this objection in the final section of this Order.

Defendants also argue that Adams should not be permitted to testify about policy violations, including violations of the CDCR's Tactical Alarm Response Plan, because those

---

[2]  Adams noted that when he used the terms "unnecessary force" and "excessive force," he was referring to the terms in the way they are described in the CDCR Operations Manual. (Adams Opening Report at 6 n.12.)

4

1  alleged violations are irrelevant to whether Defendants violated Valentine's constitutional rights.
2  The regulations on which Adams relied are relevant to several of the *Hudson* factors.
3  Accordingly, like DeFoe, Adams will be permitted to testify about "his knowledge of best
4  practices, CDCR regulations, and use of force techniques. [U]sing assumed facts, [he] may apply
5  his experience to particular hypotheticals," subject to the conditions in the final section of this
6  Order. *Horton*, 2022 U.S. Dist. LEXIS 192457, at *9.

   Defendants also move to exclude Adams' testimony on "prison politics." That testimony
   shall be excluded. The Court concludes it will not assist the trier of fact in resolving the question
   of whether Defendants used excessive force.

   Accordingly, the Court grants, in part, and denies, in part, the motion to exclude Adams as
   an expert. He will be permitted to testify as limited in this section and subject to the general
   guidelines in the final section of this Order.

**C.  The Court Grants, in Part, and Denies, in Part, the Motions to Exclude the Medical Experts.**

   **1.  Dr. Atkin.**

   Valentine argues that Dr. Atkin opinions on Valentine's injuries and treatment -- fractures
to his face, nose, and head, and subsequent septoplasty -- fall outside the scope of Dr. Atkin's
expertise as an orthopedist specializing in sports medicine. "*Daubert* does not require that the
expert with the best possible qualifications testify, it requires that the expert be sufficiently
qualified and his or her testimony be reliable." *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 669
(N.D. Cal. 2021). The Court concludes that this objection goes to the weight to be afforded Dr.
Atkin's testimony, and Valentine may challenge his qualifications on cross-examination.

   Valentine also argues that Dr. Atkin methodology is flawed. "[P]hysicians must use their
knowledge and experience as a basis for weighing known factors along with the inevitable
uncertainties to make a sound judgment." *Primiano*, 598 F.3d at 565 (cleaned up). Dr. Atkin
testified that to the extent there are contradictions in the medical records, his opinions were based
on his training and experience applied to the relevant science. (Dkt. No. 62-3, Deposition of Dr.
Atkin at 38:22-39:3.) Again, the Court concludes that Valentine's objection goes to the weight of

5

Dr. Atkin's testimony, rather than its admissibility. *See id.* at 567 ("Comparisons of what happened with a patient with what doctors with similar patients ordinarily see, against a background of peer-reviewed literature, is the ordinary methodology of evidence based medicine.") (cleaned up).

Finally, Valentine argues that Dr. Atkin invades the province of the jury because he opines that Valentine and Torres-Quezada engaged in hand-to-hand combat. The Court concludes that this objection does not warrant the wholesale exclusion of Dr. Atkin's testimony.

Accordingly, the Court denies the motion to exclude his testimony. Dr. Atkin will be permitted to testify subject to the general guidelines in the final section of this Order.

### 2. Dr. Weber.

Defendants argue Dr. Weber should not be permitted to offer an opinion on the long-term effects of Valentine's injuries because it is outside the scope of his expertise in emergency medicine. Defendants also argue Dr. Atkin's opinions on Valentine's psychiatric symptoms fall outside the scope of his expertise. For the reasons set forth above regarding Dr. Atkin, the Court concludes these objections go to weight not admissibility.

Finally, Defendants move to exclude Dr. Weber's opinion that Valentine's facial injuries were caused by kicks. The Court addresses this objection in the following section.

### D. Guidelines For Presentation of the Experts at Trial.

The Court will not admit expert reports as exhibits. Expert testimony will be subject to the following limits, which are generally applicable unless otherwise noted. If the parties require clarification of the scope of the testimony permitted, they may raise that issue with the Court at the pretrial conference. The Court also advises the parties that they shall not engage in "self-help" with respect to rulings in his Order. If any party believes another party has opened the door to testimony the Court has excluded they shall ask to be heard before proceeding.

During their testimony, the experts shall not cite to or recite the evidentiary record in this case.

The parties' use of force experts may testify about the considerations on which correctional officers generally rely regarding the use of force. They may not opine about why any person in

6

this case took or did not take a particular action or made or did not make a particular decision. The Court concludes that any objections to the use of legal terminology is best addressed through contemporaneous objections at trial.  Neither DeFoe nor Adams may testify that the use of force in this case was -- or was not -- reasonable, excessive, or unnecessary.  *Horton,* 2022 U.S. Dist. LEXIS 192475, at *7-8; *cf. Dold v. Snohomish Cty.*, No. 20-cv-00383-JHC, 2023 WL 123335, at *3 (W.D. Wash. Jan. 5, 2023) (denying motion to exclude use of force expert in part and limiting testimony to those admissible opinions).

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, the parties' *Daubert* motions.

**IT IS SO ORDERED**.

Dated: July 17, 2024

_____
JEFFREY S. WHITE
United States District Judge