UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVONTAE VALENTINE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TORRES-QUEZADA, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01520-JSW<br><br>**ORDER GRANTING MOTION TO SUPPLEMENT ANSWER AND RESERVING RULING ON MOTION IN LIMINE TO EXCLUDE CONVICTION**<br><br>Re: Dkt. Nos. 87, 94 |

Now before the Court for consideration are: (1) Defendants' motion for leave to file a supplemental answer; and (2) Plaintiff's motion *in limine* to exclude evidence of a no contest plea and conviction. The Court has considered the parties' papers, relevant legal authority, and the argument presented during the pretrial conference held on August 12, 2024. For the reasons that follow, the Court GRANTS Defendants' motion and reserves ruling on whether the jury may hear about Plaintiff's conviction pending trial.

**BACKGROUND**

On March 10, 2022, Plaintiff, Javontae Valentine ("Valentine") filed his complaint against Andres Camacho, Irene Cervantez, Nicholas Revelez, Miguel Reyes-Diaz, and Alfredo Torres-Quezada. Valentine alleges that each of the Defendants used excessive force against him on August 12, 2021. On July 12, 2022, Defendants filed their answer. The parties version of events is disputed.

On September 20, 2022, Defendants deposed Valentine.[1] During the course of his deposition, Valentine testified that he "latched on" to Torres-Quezada and explained he was "just

---

[1] Valentine was acting *pro se* at the time he was deposed.

regaining my balance." (Dkt. No. 87-1, Declaration of Ryan Zalesny ("Zalesny Decl."), ¶ 4, Ex. 3 (Deposition of Javontae Valentine at 36:1-4; *see also id.* at 95:15-25 (testifying that when he said he hit Torres-Quezada he meant he "latched on").) When asked if he hit any of the other officers he stated "I never punched. I never touched. I never assaulted no officer." (*Id.* at 36:10-12.) Valentine's deposition also includes the following exchange:

> Q: … about halfway through this block you say "I was slammed to the pavement aggressively. I gave no resistance while being handcuffed." So, is it accurate that you were giving no resistance to the officers while this incident was ongoing?
>
> A. Specific, I gave no resistance.

(*Id.* at 66:17-23.)

On April 13, 2023, Valentine was charged with felony battery on a non-confined person – Torres- Quezada – by a prisoner, in violation of California Penal Code section 4501.5. (Zalesny Decl., ¶ 2, Ex. 1 (Trial Ex. 49 at DEFS 689-691).)[2] On September 27, 2023, Valentine entered a no contest plea to one count of violating Penal Code section 69(a) (the "Conviction"). (*Id.* at DEFS 695-698.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

Defendants move for leave to supplement their answer to add an affirmative defense based on *Heck v. Humprey*, 512 U.S. 477 (1994). Under *Heck,* Valentine's claim for excessive force is not cognizable if a judgment in his favor would "necessarily imply the invalidity of" the Conviction. *Id.* U.S. at 487. Defendants state they will rely on the Conviction *if* Valentine presents testimony or evidence at trial that would implicate the *Heck* bar. Valentine, in turn, moves to exclude any evidence of the Conviction.

**A.    Motion to Supplement Answer.**

Pursuant to Federal Rule of Civil Procedure 15(d), the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that

---

[2]    Trial Exhibit 49 consists of the records from Valentine's criminal proceedings.

happened after the date of the pleading to be supplemented." The rule is "tool of judicial economy and convenience." *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988). The Court has broad discretion allow amendment and, in addition to judicial efficiency, considers the factors used to evaluate a motion to amend under Rule 15(a): delay, bad faith or dilatory motive, prejudice, and futility. *See, e.g., Yates v. Auto City,* 299 F.R.D. 611, 613 (N.D. Cal. 2013).

To evaluate delay, the Court may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Defendants learned of the Conviction in October 2023 but did not "fully analyze[] [its] legal implications" until they began to prepare for trial in July 2024. (Dkt. No. 144-1, Declaration of Ryan Zalesny, ¶¶ 3-4.) The Court finds Defendants unduly delayed in seeking leave to supplement their answer.

"[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend[.]" *United States v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981). Defendants were not diligent in exploring a *Heck* defense but there is no evidence that they acted in bad faith or that their motive was dilatory.

Valentine argues that he would need to obtain discovery about the factual basis for his *nolo* plea to counter the defense. At the pretrial conference, the Court inquired whether a continuance would mitigate any such prejudice. Valentine represented that it appears highly unlikely that any efforts to obtain additional information would be successful. Defendants also represented that Trial Exhibit 49 is the only evidence they will rely on regarding the Conviction. For that reason, the Court concludes that the prejudice factor does not weigh against granting Defendants' motion.

Finally, the Court concludes that permitting Defendants to supplement their answer would not be futile as a matter of law or fact. Whether *Heck* bars all or part of Valentine's claim is a question of law for the Court. In order to determine whether Valentine's claim "would *necessarily* imply the invalidity of [his] conviction, the [Court] must determine which acts formed the basis for the conviction." *Lemos v. Cty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (*en banc*) (emphasis in original). When a conviction is based on a guilty plea, a district court normally looks at the record to see which acts formed the basis for the plea. *Id.* (citing *Smith v. City of Hemet*,

394 F.3d 689, 696-97 (9th Cir. 2005) and *Sanford v. Motts*, 258 F.3d 1117, 1119-20 (9th Cir. 2001)).

Here, the record of what transpired in Valentine's criminal proceeding is sparse. Trial Exhibit 49 neither contains a transcript of the plea colloquy nor does it suggest that Valentine stipulated to facts contained in specific documents. *See, e.g., Tompkins v. Thomas*, No. 22-cv-01415-JLT-EPG (PC), 2024 WL 1908104, at *8-9 (E.D. Cal. May 1, 2024) (finding *Heck* barred plaintiff's claim for excessive force based on no contest plea to violation of Penal Code section 69, where record showed plaintiff stipulated to the factual basis of reports in discovery, including an incident report prepared by prison officials); *King v. Villegas*, No. 17-cv-00676-JLT-EPG (PC), 2023 WL 4627687, at *2 (E.D. Cal. July 19, 2023) (plaintiff "stipulated to a factual basis based on the probable cause statement and the reports in discovery" and record included the probable cause statement). Yet, based on the date and the victim of the initial charge, there is no dispute that the Conviction is based on the incident that gives rise to the excessive force claim.

In *King*, the plaintiff "maintain[ed] that he was handcuffed and not resisting the entire time." Because the plaintiff's version of events was "fundamentally inconsistent" with his no contest plea, the court granted the defendants' motion for judgment on the pleadings. *King*, 2023 WL 4627687, at *11; *see also Thompkins*, 2024 WL 1908104, at *8-9 (applying *Heck* where factual basis of no contest plea was "fundamentally inconsistent with his excessive-force allegations"). It is possible that the conduct supporting Valentine's claim could coexist with conduct that supported the Conviction. *See, e.g., Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011). Valentine's deposition testimony lends support to Defendants' argument that *Heck* could apply if the evidence adduced at trial establishes two narratives of events that "could [not] simultaneously be true." *King,* 2023 WL 4627687, at *11; *see also Viera v. Cty. of Sacramento,* No. 18-cv-05431-VC, 2020 WL 887976, at *1 (N.D. Cal. Feb. 24, 2020) (ruling that plaintiff "cannot argue that [nolo convictions] are invalid or present a theory of liability inconsistent with his criminal liability").

Accordingly, the Court GRANTS Defendants leave to supplement their answer with the *Heck* defense. Defendants shall file the proposed supplemental answer by no later than August 23,

4

2024.

B. **Motion in Limine to Exclude the Conviction.**[3]

Valentine moves to exclude all evidence of the Conviction pursuant to Federal Rules of Evidence 402, 403, and 410. Federal Rule of Evidence 410(a)(2) provides that "[i]n a civil or criminal case, evidence of [a nolo contendere plea] is not admissible against the defendant who made the plea or participated in the plea discussions[.]" Convictions resulting from *nolo contendere* pleas are not admissible under Rule 410(a)(2) "as proof that the pleader actually committed the underlying crimes charged." *United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006).

To the extent Defendants intend to rely on the Conviction for purposes of a *Heck* defense, the Court concludes it is permissible to introduce it to the *Court. See, e.g., Arrington v. City of Los Angeles,* No. 16-56755, 2021 WL 4168156, at *1 (9th Cir. Sept. 14, 2021) ("Arrington's conviction was not admitted 'against' him as an evidentiary admission."); *King*, 2023 WL 4627687, at *7-8. However, the Court reserves making a final ruling on the Conviction's admissibility pending Valentine's testimony and any other evidence presented at trial. The Court also reserves ruling on whether a limiting instruction would be appropriate.

**IT IS SO ORDERED**.

Dated: August 15, 2024

_____
JEFFREY S. WHITE
United States District Judge

---

[3] The parties agree the conviction could not be used to impeach Valentine under Federal Rule of Evidence 609.

5