UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVONTAE VALENTINE,<br><br>Plaintiff,<br><br>v.<br><br>TORRES-QUEZADA, et al.,<br><br>Defendants. | Case No. 22-cv-01520-JSW<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION *IN LIMINE* NO. 1 AND GRANTING, IN PART, DEFENDANTS' MOTION *IN LIMINE* NO. 2**<br><br>Re: Dkt. Nos. 89, 93 |

At trial, Plaintiff seeks to introduce testimony about gang culture and prison politics for a limited purpose but moves *in limine* to exclude any evidence gang affiliation as character evidence. Defendants do not intend to use evidence of gang membership as character evidence. Accordingly, the Court DENIES Plaintiff's motion as moot.

Defendants move *in limine* to exclude all testimony on gang culture or prison politics. The Court granted Defendants' motion to exclude Plaintiff's use-of-force expert from providing an opinion on those topics on the basis that it would not assist the trier of fact. (*See* Dkt. No. 85.)

The Court has considered the parties' papers, relevant legal authority, the record in this case, as well as the parties' arguments at the pre-trial conference. For the reasons that follow, the Court GRANTS Defendants' motion, in part.

Plaintiff argues that evidence about gang culture and prison politics is relevant to explain why he did not immediately comply with Defendants' directives to get down. In order to determine if any Defendant used excessive force on Plaintiff, a jury may consider: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v.*

*Sullivan*, 705 F.3d 1021, 1028-29 (9th Cir. 2013). Plaintiff argues evidence of gang culture and racial politics would be relevant to the second and fourth factors. (*See* Opp. to Def. MIL No. 2 at 2:1-2.)

It is undisputed that Defendants did not know who Plaintiff was on the date of the incident and, thus, did not know whether or not Plaintiff was affiliated with a gang. The Court will exclude evidence of "gang culture" on the basis that any probative value it may have would be substantially outweighed by the potential to confuse the jurors and cause undue delay.

The fact that Plaintiff failed to comply with Defendants' instructions is relevant, but Plaintiff's motivation for not complying with those orders is not. *Cf. White v. Roper*, 901 F.2d 1507, 1507 (9th Cir. 1990) (affirming grant of summary judgment and noting that notwithstanding plaintiff's motivations, his refusal to comply with orders "created a need for [the defendants] to apply reasonable force to control him").

Although Defendants did not know who Plaintiff was, they have not argued they were unaware of his race. There is testimony in the record from Defendant Reyes that "[d]uring an altercation," there are dangers associated with an inmate being near a group of inmates of a different racial background. (Dkt. Nos. 105, 105-1, Declaration of Rodolfo Rivera Aquino, ¶ 2, Ex. 1 (Deposition of Manuel Reyes-Diaz at 119:21-25).) Therefore, the Court concludes that Plaintiff's explanation for why he moved would be relevant to whether a Defendants' perception of those actions would be reasonable. Plaintiff may testify about why he did not immediately comply with the Defendants' orders on that day but may not testify about gang culture or prison politics in general. In addition, the Court will not preclude Plaintiff from examining the Defendants about whether Plaintiff's actions on that date would have posed more or less of a security risk in light of the circumstances. *See, e.g., Taylor v. Keurtson*, No. 19-cv-0450 TLN KJN P, 2020 WL 384052, at *10-13 (E.D. Cal. July 8, 2020), *report and recommendation adopted* 2020 WL 5017602 (E.D. Cal. Aug. 25, 2020) (granting motion for summary judgment and concluding defendants did not use excessive force, in part, because plaintiff failed to contradict defendant's evidence that his "behavior posed a security risk because it could incite other inmates to become disruptive or be a decoy for other disruptive behavior").

1   Accordingly, the Court GRANTS, IN PART, AND DENIES, IN PART, Defendants'
2  motion *in limine* no. 2.  In light of the Court's ruling excluding evidence of gang membership, the
3  Court will not question jurors about their views on gang membership during voir dire and will not
4  include Plaintiff's proposed question on that topic in the juror questionnaire.  Plaintiff may submit
5  one additional question to be included in the juror survey by no later than 10:00 a.m. on August
6  30, 2024.

**IT IS SO ORDERED**.

Dated: August 28, 2024

_____
JEFFREY S. WHITE
United States District Judge