UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVONTAE VALENTINE,<br><br>Plaintiff,<br><br>v.<br><br>TORRES-QUEZADA, et al.,<br><br>Defendants. | Case No. 22-cv-01520-JSW<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO USE DEPOSITION OF CHRISTOPHER WASHINGTON IN LIEU OF LIVE TESTIMONY**<br><br>Re: Dkt. No. 194 |

This matter comes before the Court on a dispute between the parties about whether Plaintiff should be permitted to introduce the testimony of Christopher Washington by deposition. The parties raised this dispute when they filed an amended exhibit and witness list, and the Court ordered a supplemental joint brief if they could not resolve the issue. The Court has considered the parties' supplemental brief, relevant legal authority, and the record in this case.

**BACKGROUND AND ANALYSIS**

Mr. Washington is an eyewitness to the incident that gives rise to Plaintiff's claims and remains incarcerated at Salinas Valley State Prison. He was deposed on December 23, 2023, with all parties present. On August 9, 2024, the Court issued a writ of habeas corpus *ad testificandum* for Mr. Washington to secure his attendance at trial. (Dkt. No. 142.) According to the record, Plaintiff's counsel met with Mr. Washington on August 26, 2024. Shortly thereafter, Mr. Washington advised Plaintiff's counsel that he refused to testify at trial "because of his medical issues and concerns about how his participation at trial may negatively affect his pending resentencing hearings and his interactions with the Defendants." (Dkt. No. 194-1, Declaration of Argemira Flórez, ¶¶ 2-4.) On September 6, 2024, the Plaintiff filed an amended writ of habeas corpus for Plaintiff and filed a notice withdrawing the writ for Mr. Washington. Plaintiff

1  represented that withdrawing the writ would not impact the parties' discussions about the use of
2  Mr. Washington's deposition testimony. (*See* Dkt. No. 183.) The Court granted Plaintiff's
3  request and withdrew the writ for Mr. Washington on September 9, 2024. (Dkt. No. 186.)

4      Defendants do not dispute that Mr. Washington's testimony is relevant. They object, in
5  part, to the use of his testimony on the basis that it is hearsay. The Court overrules that objection.
6  The Federal Rules of Evidence ("FRE") provide that "[a] declarant is considered to be unavailable
7  as a witness if the declarant: … refuses to testify about the subject matter despite a court order to
8  do so." FRE 804(a)(2). FRE 804(a) "will not apply if the statement's proponent procured or
9  wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from
10 attending or testifying."

11     Because Mr. Washington is incarcerated, the Court issued the writ for his attendant,
12 "which is the normal substitute for a subpoena" in these situations. *Draper v. Rosario*, 836 F.3d
13 1072, 1081 (9th Cir. 2016). "*Id.* In *Draper*, the district court denied a plaintiff's request to take a
14 deposition of a witness who refused to testify at trial. The Ninth Circuit concluded that the writ
15 qualified as "a court order for purposes of Rule 804(a)(2)." *Id.* The court reasoned that the district
16 court did not abuse its discretion when it denied the plaintiff's request for a deposition because
17 "Rule 804(a)(2) would have allowed preexisting deposition testimony to be admitted, but it did not
18 compel the district court to allow" the plaintiff to take an additional deposition.

19     The Court concludes Mr. Washington is "unavailable" under FRE 804(a)(2). In contrast to
20 *Draper*, Mr. Washington has been deposed. Based on the chronology of events, the Court
21 concludes Plaintiff did not procure or wrongfully cause Mr. Washington to be unavailable.
22 Because Defendants had the opportunity to develop Mr. Washington's testimony during the
23 deposition, the testimony is not subject to exclusion as hearsay. FRE 804(b)(1).

24     Federal Rule of Civil Procedure ("FRCP") 32(a)(1) provides:

25         At a hearing or trial, all or part of a deposition may be used against a
26         party on these conditions:

27         (A) the party was present or represented at the taking of the
        deposition or had reasonable notice of it;

28

> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8).

For the reasons stated above, sections (A) and (B) are satisfied. FRCP 32(a)(4) that a party may use a deposition for any purpose when a witness is "unavailable." A witness is unavailable for purposes of FRCP 32(a)(4) if, *inter alia,* "the witness is more than 100 miles from the place of hearing or trial … unless it appears that the witness's absence was procured by the party offering the deposition." *Id.* 32(a)(4)(B). It is undisputed that Salinas Valley State Prison is more than 100 miles from the Oakland Courthouse. Again, although Plaintiff withdrew the writ for Mr. Washington, he did so after being advised that Mr. Washington refused to testify. For that reason, the Court concludes Plaintiff did not act to procure Mr. Washington's absence. If the parties had not videotaped Mr. Washington's deposition, the Court might find Defendants' arguments more persuasive. However, in light of Mr. Washington's reasons for refusing to testify, recognizing the importance of live testimony, and in the interests of justice, the Court concludes that "exceptional circumstances make it desirable to permit the deposition to be used." FRCP 32(a)(4)(E).

Accordingly, Plaintiff's request to use Mr. Washington's deposition testimony in lieu of live testimony is GRANTED. The Court GRANTS Defendants' request to assert objections and make counter-designations. The parties SHALL meet and confer and by no later than 1:00 p.m. on September 16, 2024, submit a list of agreed upon and disputed designations and the basis for any objections. The parties also shall provide the Court with an electronic version of the deposition so that it may review any disputed designations.

**IT IS SO ORDERED.**

Dated: September 12, 2024

JEFFREY S. WHITE
United States District Judge